UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

ROBERT W. JOHNSON,

    Plaintiff,

V.

ROYAL INN & SUITES,

    Defendants.

Civil Action No. 2: 22-015-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Robert W. Johnson is a resident of Watertown, New York. Proceeding without an attorney, Johnson has filed a one-page, handwritten "statement of facts," which has been docketed by the Clerk of the Court as a "complaint" for administrative purposes. [R. 1] Johnson has also filed a motion for leave to proceed *in forma pauperis*. [R. 3] The information contained in Johnson's motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee, thus his motion will be granted. Because Johnson is granted pauper status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of the Johnson's complaint because he has been granted pauper status. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint, Johnson states that he was "denied his monetary property of $30,000.00 of Jack Cleveland Casino $100.00 chips and (1) $15,236.00 cashout voucher for Jack Cleveland Casino by Royal Inn & Suites on 10/15/21." [R. 1] Johnson also states that he "requested above-

said properties and has been denied his property." [*Id.*] He makes no further factual allegations, nor does he identify his legal claim(s) for relief.

While this matter has been docketed as a civil action for administrative purposes, it will be dismissed upon initial review, as Johnson's "statement of facts" is insufficient to properly commence a civil action. The Federal Rules of Civil Procedure make clear that "[a] civil action is commenced by filing a complaint with the court," *see* Fed. R. Civ. P. 3, and Johnson's statement is insufficient to constitute a complaint, even if construed liberally. Federal Rule of Civil Procedure 8 requires a pleading stating a claim for relief to contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

*See* Fed. R. Civ. P. 8(a).

Johnson's pleading makes no statement of the grounds for this Court's jurisdiction; thus it fails to comply with Rule 8(a)(1). In fact, based upon the limited facts alleged by Johnson, this Court does *not* have jurisdiction over his claims. There is no federal question presented in his "complaint," as is required for this Court to exercise jurisdiction under 28 U.S.C. § 1331. And while Johnson and the Royal Inn & Suites appear to be residents of different states (New York and Ohio, respectively), there is no indication that the amount in controversy exceeds $75,000.00, as is required to exercise diversity jurisdiction under 28 U.S.C. § 1332(a).[1]

---

[1] Along these same lines, even if a federal court has jurisdiction over Johnson's claim, his complaint is filed in the wrong venue. Under 28 U.S.C. § 1391(b), a civil action may generally be

Nor does Johnson's complaint adequately state a claim showing that Johnson is entitled to relief as required by Rule 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.; *See also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

While Johnson states that he "demanded" his property from, and was denied by, Royal Inn & Suites, he does not identify the legal claim that he seeks to pursue in this case. Nor does Johnson allege that the Royal Inn & Suites acted wrongfully or that it even *had* his property at the time that he demanded it, thus he fails to adequately allege sufficient facts to support a plausible claim for relief. Finally, Johnson fails to demand any form of relief from this Court, as required by Rule 8(a)(3).

True, Johnson attaches a copy of a "Charge of Discrimination" filed with the Ohio Civil Rights Commission, stating his belief that he was discriminated against because of his race, sex, disability, military status, age, religion, national origin/ancestry, marital status, and in retaliation. [R. 1-1] However, he makes no factual allegations supporting his conclusion that he was

---

brought in a judicial district in which any defendant resides or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In this case, no party appears to reside in the Eastern District of Kentucky, nor did any events giving rise to Johnson's claim arise here.

discriminated against for any of these reasons. Vague allegations that a defendant acted wrongfully or violated the plaintiff's constitutional rights are not sufficient to state a claim for relief. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008). Johnson's identification as a Black male Christian simply does not suffice to state a claim for discrimination based upon his race, sex, and/or religion, as he alleges no facts to support his conclusory allegation that his treatment by the Defendant had anything to do with these factors. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (affirming dismissal of inmate's claim of racial discrimination because "plead[ing] a legal conclusion without surrounding facts to support the conclusion…fails to state a claim."). *See also Elliott v. Plaza Properties, Inc.*, No. 2:08CV1037, 2010 WL 2541020, at *7 (S.D. Ohio June 18, 2010) ("…conclusions [of racial discrimination] without any factual support are now insufficient to satisfy the pleading standards of the Federal Rules of Civil Procedure, as explained in *Twombly* and *Iqbal*.").

While the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003). Here, Johnson fails to identify his legal claims; fails to allege sufficient facts to show that he is entitled to relief; and fails to identify the relief that he seeks in the lawsuit. For all of these reasons, his complaint fails to satisfy the pleading requirements of Rule 8. Accordingly, Johnson has failed to properly initiate a civil action in this Court, thus this case (which was opened for administrative purposes only) will be dismissed without prejudice.

Accordingly, it is **ORDERED** as follows:

1. Johnson's motion to proceed *in forma pauperis* [R. 3] is **GRANTED**.

2. Johnson's "Statement of Facts," docketed as a complaint for administrative purposes [R. 1], is **DISMISSED WITHOUT PREJUDICE**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 22nd day of February, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY